**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: September 8 2016

John P. Gustafson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | Case No. 15-32271 |
| | ) | |
| Claude Darus Lundy | ) | Chapter 13 |
| Chanda Marie Lundy | ) | |
| | ) | |
| Debtor(s). | ) | |
| | ) | JUDGE JOHN P. GUSTAFSON |

### MEMORANDUM AND ORDER RE: MOTION TO ALTER OR AMEND AUGUST 2, 2016 ORDER DENYING DEBTORS' REQUEST FOR ELECTRONIC NOTICE

This cause comes before the Court upon Debtor Chanda Lundy's Amended Motion Pursuant to Fed. Rules of Bank. Procedure Rule 9023 to Alter, or Amend the Order Dated August 2, 2016 Denying a Request for Electronic Notice and Request that the Court Consider Issuing an Administrative Order Requiring that Any Software the Court Uses for Notice of Filings Not be Allowed to Limit and Discriminate Against Debtors and Their Right to Request for Notice by Electronic Transmission Pursuant to Rule 9036 [Doc. # 127]. The August 2, 2016 Order was entered in response to Notice of Appearance and Request for Notice Filed by Debtor Chanda Marie Lundy [Doc. #110] in which the Debtor sought electronic service of all Court filings in addition to regular mail service.

The court has re-investigated the status of electronic notice to non-attorneys in the

Northern District of Ohio. The Clerk's Office for the Northern District of Ohio does not currently have in place the capability of providing electronic notice to *pro se* debtors. The Debtors have asserted, correctly, that some courts do have that capability, and asserts that the denial of her request for electronic notice as "discriminatory".[1]

The Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules" or "Rules") provide the court with general power to regulate notice, including the power to designate "the form and manner in which notice shall be given." *See*, Fed. R. Bankr. P. 9007. However, the fact that this power comes from the Bankruptcy Rules means that it is limited by 28 U.S.C. §2075, the statute that implements the Bankruptcy Rules. Under Section 2075, "such rules shall not abridge, enlarge or modify any substantive right." *In re Dumain*, 492 B.R. 140, 148 (Bankr. S.D.N.Y. 2013); *In re Brunson*, 486 B.R. 759, 772 (Bankr. N.D. Tex. 2013). Thus, the Bankruptcy Rules may not contravene substantive rights contained in the Bankruptcy Code or "overrule" other bankruptcy statutes. *Edmonston v. Murphy (In re Edmonston)*, 107 F.3d 74, 76 n.2 (1st Cir. 1997)("The Bankruptcy Rules 'govern' procedure in all bankruptcy proceedings unless inconsistent with either title 11 or title 28, United States Code."); *Hunt v. Up North Plastics, Inc.*, 177 F.R.D. 449, 453 (D. Minn. 1997); *In re Padilla*, 379 B.R. 643, 657 (Bankr. S.D. Tex. 2007).

Over the years, the Bankruptcy Rules have been amended to allow for electronic filing and electronic noticing. However, while the amendments have allowed electronic filing and noticing, they have not required it. *See*, Fed. R. Bankr. P. 5005(a)(2) ("the court <u>may</u> permit or require" electronic filing); Fed. R. Bankr. P. 9036 ("the court <u>may</u> direct the clerk or other person to send the information by such electronic transmission."); Fed. R. Bankr. P. 2002(m) ("The court <u>may</u> . . . enter orders designating. . . the form and manner in which notice shall be sent except as otherwise provided by these rules.")(emphasis added to all).[2] Accordingly, courts

---

[1]/ Debtor Chanda Lundy has also filed a Motion to Disqualify Judge John P. Gustafson from Future Proceedings Under 28 U.S.C. § 455. The court has reviewed that Motion, and finds that none of the allegations in the Motion prevent the court from entering a final decision on this matter. The substance of the Motion to Disqualify will be dealt with in a separate Order.

[2]/ In contrast, Rule 9008 provides that the court "shall" determine the form and manner of service by publication.

have been allowed to incorporate and expand the use of electronic filing and noticing at their own pace.

Debtor Chanda Lundy makes numerous assertions about the lack of availability of electronic notice that can be summarized[3] as: the software for debtor noticing is "free", that electronic is both faster and better, and that she feels discriminated against (and that she is not receiving full value for her $310 filing fee) because she is not able to receive notices electronically. She cites instances in which she believes notice by mail took too long to arrive.

While approximately half the bankruptcy courts in the United States allow debtors to receive notices electronically, approximately half do not. It appears that the decision to implement debtor electronic noticing is generally done on a district-wide basis. The software for providing electronic notices to debtors is called "Debtor Electronic Bankruptcy Noticing", and is often referred to by the acronym "DeBN".[4] The method the bankruptcy courts in the Northern District of Ohio use for service by mail on debtors is the Bankruptcy Noticing Center's system, commonly referred to as "BNC". Notice to debtors through BNC is by regular mail, which is different than the electronic notice received by registered CM/ECF users, which are almost exclusively attorneys and individuals who frequently file electronic claims on behalf of their creditor employers.

While this court can see the potential advantages of using a "DeBN" system of providing electronic notices to debtors, the court will not enter an order, or as debtor recommends an administrative order, requiring that debtor electronic noticing be provided by the Clerk's Office.

While the Debtor may be correct that the present systems of this court are not the best at meeting her needs, that fact alone does not give rise to a right to relief. Notice must satisfy the requirements of Constitutional due process. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865, 873 (1950); *see also*, *Dusenbery v. United States*, 534 U.S. 161, 167, 122 S. Ct. 694, 699, 151 L. Ed. 2d 597, 604 (2002). To the extent that

---

[3]/ The Motion filed by Chanda M. Lundy is 8 pages.

[4]/ Basic Information about "DeBN" is available on the public websites of bankruptcy courts that have adopted it., such as Arizona, South Carolina and Utah.

the present system of providing mailed notice to non-attorneys did not provide Constitutionally adequate notice, the court would be compelled to act to remedy the deficiency. However, notice by mail has been held to be Constitutionally sufficient. *See*, *Mennonite Bd. Of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180, 188 (1983)("The latter 'was the information which the [county] was constitutionally obliged . . . to give personally to the appellant -- an obligation which the mailing of a single letter would have discharged.'"); *Bak v. Vincze (In re Vincze)*, 230 F.3d 297, 299 (7th Cir. 2000)(discussing notice in the context of adversary proceedings).

Absent a Constitutional due process issue, the court - as an individual judge - also might be compelled to order a remedy if notice by mail violated the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure. The court is aware of no provision of the Code or Rules that is violated by limiting notice to *pro se* debtors to notice by regular mail. In fact, Bankruptcy Rule 9006(f) specifically provides for additional time after service is made by mail, adding three days "after the prescribed period would otherwise expire under Rule 9006(a)." The Bankruptcy Rules also continue to specifically require that debtors "file a statement of any change in the debtor's address." *See*, Fed. R. Bankr. P. 4002(a)(5).

Moreover, looking at the changes in the Bankruptcy Code and the Federal Rules of Civil Procedure that have been implemented in the years since filing paper pleadings and notice by mail were the exclusive way that the bankruptcy courts conducted their business, every change appears to reflect the discretionary nature of the move to electronic filing and electronic notice.

Accordingly, limiting the method of notice to *pro se* debtors in cases filed in the Northern District of Ohio does not appear to violate any applicable bankruptcy statute or rule.

The court accepts Debtor Chandra Lundy's assertion that electronic notice is her preference, and that it would provide her with advantages over notice by mail. However, that does not warrant the issuance of an order by this court, either in this case or through an administrative order, changing the computerized noticing practices of this District.

In bankruptcy, there are many differences in the way parties are permitted to use

electronic filing and receive electronic noticing. For example, pro se debtors are able to file paper documents, and are not required to file electronically using CM/ECF. In contrast, attorneys are generally not permitted to file paper documents and, in signing up for CM/ECF privileges, bankruptcy attorneys must waive the right to receive notice by mail. *See*, Local Bankruptcy Rule 5005-4(b). Similarly, many courts treat creditors who infrequently file claims differently once they have filed a certain number of proofs of claim, prohibiting paper filing after a predetermined limit is reached. In the Northern District of Ohio, if a creditor's claim (or a transfer of claim) is filed using paper, the creditor will not receive electronic notice, whereas a creditor filing a proof of claim electronically will receive electronic notice. *See*, *In re Phillips*, 380 B.R. 493, 496-497 (Bankr. N.D. Ohio 2008).

The bankruptcy courts for the Northern District of Ohio use a Local Area Network ("LAN") with servers located in Canton, Ohio. The software that would be required to provide noticing through DeBN would require changes to a computer system used by the entire Northern District. While Chanda Lundy's Motion portrays the installation of this new system as a simple process, the court is not a computer, software, or systems expert.

The decision in *Phillips* is instructive. It describes two matters that appear to bear on the request being made here. First, the court notes that the CM/ECF system, and its capabilities are "widely misunderstood". *In re Phillips*, 380 B.R. 493, 497 n.7 (Bankr. N.D. Ohio 2008). Second, promotional materials for computer program capabilities and functions are not always accurate. *Id*. Notably, in addressing the problems associated with CM/ECF service in *Phillips*, the court did not order changes to the software, but instead ordered changes in what users of the system were filing. *Id*.[5]

Calling a difference in treatment "discriminatory" does not automatically make that difference in treatment improper or actionable, particularly when the difference in treatment is based on existing capabilities, and is rationally related to a legitimate objective.

---

[5]/ Notably, in the Administrative Order that followed the *Phillips* opinion, Judge Kendig (now Chief Judge Kendig) stated: "No change is required if you are preforming traditional service by mailing copies." *See*, February 22, 2008 Memoranda, "Service procedure under CM/ECF" at: https://www.ohnb.uscourts.gov/sites/default/files/memoranda/memo-20080222-service-procedure-under-cm-ecf-rk.pdf

5

The system for the provision of notice to *pro se* debtors that Debtor Chanda Lundy is objecting to is a function provided by the Bankruptcy Clerk's Office for the Northern District of Ohio. The Clerk's Office employs people with information technology and systems expertise, and balances a number of competing considerations in carrying out its duties - issues involving the allocation of budgetary and human resources[6] to best meet a wide range of needs. To date, the Clerk's Office has not implemented the software that would allow non-CM/ECF users, like the Debtor, to receive electronic notices.

Prior to implementation of a new DeBN system, the experiences of other bankruptcy districts that have adopted the software should be studied. The costs, in both time and money, need to be understood and balanced against available resources and other priorities.

In the absence of a Constitutional, statutory, or rules based violation, which "traditional service by mail" is not, any major change in the way the Bankruptcy Clerk's Office provides electronic notice should be requested by a majority vote of all the bankruptcy judges in the Northern District of Ohio, after fact finding and the opportunity for discussion. This process appears to be in conformance with statutory provisions like 28 U.S.C. § 154(a) and the longstanding governance practices of the judges of this District.

Moreover, Debtor Chanda Lundy has an alternative means of obtaining filing information, through signing up for PACER. *See*, https://www.pacer.gov/ . While this is not a perfect substitute for electronic notice, it does provide computerized access to docket information, including claims information. If the fees incurred do not exceed $15 per quarter, debtors are not charged.[7] If that level of free usage is not sufficient, the court may grant, in appropriate cases, a discretionary fee exemption. *See*, Electronic Public Access Fee Schedule, p. 3, ¶ 9 at https://www.pacer.gov/documents/epa_feesched.pdf .

---

[6]/ As recently as 2011, the Bankruptcy Clerk's Office for the Northern District of Ohio had 99 employees. Today, there are 59, up from a low of 56.

[7]/ There are certain techniques that can minimize "page views" that are available from PACER. The Clerk's Office can put Debtor Chanda Lundy in contact with a PACER representative who can explain those techniques.

For the reasons set forth above,

**IT IS ORDERED** that the Debtor Chanda Lundy's Amended Motion Pursuant to Fed. Rules of Bank. Procedure Rule 9023 to Alter, or Amend the Order Dated August 2, 2016 Denying a Request for Electronic Notice and Request that the Court Consider Issuing an Administrative Order Requiring that Any Software the Court Uses for Notice of Filings Not be Allowed to Limit and Discriminate Against Debtors and Their Right to Request for Notice by Electronic Transmission Pursuant to Rule 9036 will be Denied, and Debtor Chanda Lundy will continue to receive any notification/documents or pleadings from the court via regular U.S. Mail at the address provided until such time as electronic notice becomes available in the Northern District of Ohio.