**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 29 2017**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-32271 |
| | ) | |
| Claude Darus Lundy and | ) | Chapter 13 |
| Chanda Marie Lundy, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

This case is before the court on Debtor Chanda Marie Lundy's "Motion Pursuant to Fed. R. Bankr. P. 2020 for the US Trustee to Investigate the Acts of United States Bankruptcy Court, Northern District of OH – Toledo, the Judges and the Chapter 13 Trustee as it Relates to the Statutory and Constitutional Rights of Debtors ("Rule 2020 Motion") [Doc. # 213], and the United States Trustee's response [Doc. # 233].

The court dismissed this joint Chapter 13 case on December 22, 2016, before confirmation of a plan. Debtors are each representing themselves in this case.

After dismissal, Debtor Chanda Marie Lundy filed two motions: (1) "Motion Pursuant [to] Rule 9023 of the Code for the Court to Amend the Order Dismissing to Clarify Judge's Court Order with Regard to the Debtors Refund" ("Motion to Amend Dismissal Order") [Doc. # 154] and (2) "Motion to Disgorge Trustee's Fee and Objection to the Chapter 13 Standing Trustee's Final Report and Account" ("Motion to Disgorge Fee") [Doc. # 161]. Both motions address the terms of dismissal of this case, specifically the court's authorization for the standing Chapter 13 trustee to retain and her retention of her percentage fee

fixed under 28 U.S.C. § 586(e) from the plan payments to be otherwise returned upon dismissal. Debtor Chanda Marie Lundy, only (with limited exceptions in which her co-Debtor spouse joined) thereafter filed a barrage of motions and documents, generally of increasingly inappropriate tone–using unnecessarily accusatory language– and decreasing civility that for the most part stem from the trustee fee issue already properly and timely raised in her Motion to Amend Dismissal Order and Motion to Disgorge Fee. The Rule 2020 Motion is one of those filings.

The relief Debtor seeks in the Rule 2020 Motion is that the Office of the United States Trustee ("UST") investigate acts of judges of the United States Bankruptcy Court and "pursue a writ of mandamus on behalf of its protected, the debtor." [Doc. # 213, p. 5]. As authority for seeking such relief, Debtor relies on Rule 2020 of the Federal Rules of Bankruptcy Procedure, which provides in its entirety as follows: "A proceeding to contest any act or failure to act by the United States trustee is governed by Rule 9014." Rule 2020 sets forth procedures for the judicial review of the UST's acts or failure to act. It does not authorize the UST to review acts of a bankruptcy judge or the bankruptcy court.

To the extent Debtor's Rule 2020 Motion can be construed as asking the UST to investigate the standing Chapter 13 trustee's retention of statutory fees on pre-confirmation dismissal of this case, which were initially authorized by the court, the UST states that he has reviewed the motions filed by Debtor regarding the Chapter 13 Trustee's entitlement to fees based upon Debtors' plan payments and the Chapter 13 Trustee's objections filed thereto and that he confirms that the Chapter 13 trustee's actions are consistent with the current "Handbook for Standing Chapter 13 Trustees."

Moreover, the court has now decided both her Motion to Amend Dismissal Order and Motion to Disgorge Fee in Debtor's favor. In doing so, the court engaged in the application of basic principles of statutory construction in the absence of controlling authority or indeed any persuasive authority at the Court of Appeals level and with limited conflicting trial court authority. Even though the court was ultimately persuaded otherwise on careful analysis of the issue on reconsideration as requested by Debtor, the original language of the dismissal order and the standing Chapter 13 trustee's actions in accordance with that order are not without support in both the language of the applicable statutes and the limited applicable case law. There is thus no factual or legal basis for any investigation of anybody, pursuant to Rule 2020 or otherwise, and Debtor Chanda Marie Lundy's many duplicative filings to the contrary.

For the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtor Chanda Marie Lundy's Motion Pursuant to Fed. R. Bankr. P. 2020

for the US Trustee to Investigate the Acts of United States Bankruptcy Court, Northern District of OH – Toledo, the Judges and the Chapter 13 Trustee as it Relates to the Statutory and Constitutional Rights of Debtors [Doc. # 213] be, and hereby is, **DENIED**.

###

3