**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 29 2017**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-32271 |
| | ) | |
| Claude Darus Lundy and | ) | Chapter 13 |
| Chanda Marie Lundy, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION FOR AN INJUNCTIVE ORDER

This case is before the court on a "Motion for an Injunctive Order for the United States Bankruptcy Court, Northern District, Western Division to Stop Violating the United States Bankruptcy Code and Discrimination against pro se Debtors; and Request for Cost" [Doc. # 234] filed by Debtor Chanda Marie Lundy ("Motion for Injunctive Order") and the Chapter 13 Trustee's objection [Doc. # 240]. Debtor Chanda Marie Lundy ("Debtor") is representing herself in this case.

When this case was transferred to this judge from the Honorable John P. Gustafson by order dated April 18, 2017, [Doc. # 164], Debtor had two motions pending before the court for decision: (1) her "Motion to Disgorge Trustee's Fee and Objection to the Chapter 13 Standing Trustee's Final Report and Account" ("Motion to Disgorge Fee") [Doc. # 161]; and (2) her "Motion Pursuant [to] Rule 9023 of the Code for the Court to Amend the Order Dismissing to Clarify Judge's Court Order with Regard to the Debtors Refund" ("Motion to Amend Dismissal Order") [Doc. # 154]. Status hearings on both motions were held on June 20, 2017, the purpose of which was to aid the court in deciding whether there are any

relevant facts that require an evidentiary hearing beyond what the case record already shows. After consulting with the parties, the court granted the Chapter 13 Trustee fourteen days to file an affidavit setting forth how her fee was calculated, including the applicable fee percentage under § 586(e)(1)(B), as well as her records regarding copies of the deposits of Debtors' plan payments made in this case, after which the court stated it would take the motions under advisement. The Trustee timely filed her affidavit on July 3, 2017. The court's memorandum of decision and its orders regarding those two motions have been filed contemporaneously with this order.

This case was dismissed before a Chapter 13 plan was confirmed. Debtor's Motion to Disgorge Fee and Motion to Amend Dismissal Order raised two straightforward procedural issues for this judge to decide. Should the dismissal order be amended to remove the court's authorization to the standing Chapter 13 trustee to pay her percentage fee fixed and collected under 28 U.S.C. § 586(e) from the plan payments made before dismissal? If so, should the fee retained by the trustee from those plan payments be disgorged? The answers to these two procedural questions in this case were determined to revolve around the same basic legal issue: In a case where no plan was confirmed, do 11 U.S.C. § 1326(a)(2) or 28 U.S.C. § 586(e) authorize retention of a standing Chapter 13 Trustee's statutory percentage fee collected from pre-confirmation plan payments before they are returned to a debtor?[1]

After transfer of the case to this judge, Debtor filed on May 3, 2017, a Motion to Set Aside Order Dated December 22, 2016 [the "Dismissal Order"] Pursuant to Rule 9024 and Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b) motion") [Doc. # 185], raising the same issues raised in her two already pending motions. The Rule 60(b) motion was also set for a status hearing held on June 20, 2017, and an order denying the Rule 60(b) motion was entered on June 20, 2017. [Doc. # 227].

Debtor then filed on May 23, 2017, a "Motion for Dismissal Orders to Contain the Statutory Language Needed to Protect the Debtor's Rights and the Bench as the Language is for Protection for all Debtors as it Relates to this Current Subject Matter Before the Court" [Doc. # 195], which the court denied on June 1, 2017, [Doc. # 197]. The court explained in the order denying the motion that the substance of the motion was duplicative of the already pending motions and that the additional relief sought in that motion by Debtor – that the court modify its procedures and orders in future cases to account for the

---

[1]The court ultimately did not address or need to address in this case the general dismissal statute, 11 U.S.C. § 349(b).

outcome she is asking for in this case and that the Attorney General of the United States of America be placed on notice of her requested procedural remedies and legal issues – raised no justiciable issues. [*See id.* at 2].

On June 6, 2017, Debtor filed a "Motion for the US Bankruptcy Court in the Northern District Southern (sic) Division to enter an Order to Recoup Statutory Fees that were Allowed in all Order Dismissing Chapter 13 Bankruptcy Cases Prior Confirmation Pursuant to 11 USC Sec. 326(b) and 11 USC Sec. 1326(a)(2)" [Doc. # 202], which the court denied on June 15, 2017, [Doc. # 211]. The substance of this motion was again duplicative of the already pending motions and the motion filed at Document No. 195 that the court had denied on June 1, 2017. In addition to again asking that the court modify its procedures and orders in future cases to account for the outcome she is asking for in this case, the relief requested included asking for an order requiring the Chapter 13 Trustee and her predecessor to return fees withheld by them in all cases that have been dismissed before confirmation of a debtor's Chapter 13 plan. In its order denying the Motion to Disgorge Fees, the court again explained that justiciable issues raised in the motion were duplicative of the already pending motions before the court, that the additional relief requested raised no justiciable issues and that Debtor lacks standing to seek relief with respect to cases in which she is not a party. [*See id.* at 2].[2]

On June 16, 2017, Debtor filed a Motion for Declaratory Order [Doc. # 214] again rearguing the same issues raised in her already pending Motion to Disgorge Fee and Motion to Amend Dismissal Order and again asking for additional relief that raised no justiciable issue and that Debtor lacked standing to request with respect to cases in which she is not a party. The court therefore denied the Motion for Declaratory Order on June 21, 2017. [Doc. # 230].

Thereafter, on June 22, 2017, Debtor filed the instant Motion for Injunctive Order [Doc. # 234], the substance of which is once again duplicative of the issues raised in her Motion to Disgorge Fee and Motion to Amend Dismissal Order. Debtor's arguments, however, have become contemptuous in this motion, characterizing previous court orders as criminal violations and accusing this judge of "attempting to cover up a crime," "destroying the integrity of the Court," "destroying who and what she represents as a person," lying in court orders, and stating that "[e]very single order that is entered in this Court is void if Whipple signs it, because she is refusing to be honest and refusing to address the legal issue that has us still wasting time in this Court now." [Doc. # 234, ¶¶ 16, 22, 24, 33 and p. 9 "Issues" ¶¶ 12, 15, 18, 41]. While *pro se*

---

[2] The court has specifically determined Debtor's standing to seek the relief sought in the pending Motion to Disgorge Fee and Motion to Amend Dismissal Order in connection with those motions.

litigants are held to a less stringent standard than lawyers, the court expects a baseline level of respect toward the court from all persons appearing before it. While Debtor may disagree with a court order or procedures employed by the court, the statements in her motion are inappropriate.

As did her previously denied motions, she asks for additional relief in her Motion for Injunctive Order that raises no justiciable issue – that this judge "respond to this motion and all previous motions pursuant to F.R.Civ.P. 8(b), (c) and (e)" and that the "matter be directed to the 6th Circuit so that the United States of America can petition for a writ of mandamus" if this court "does not properly address all of my claims." [*Id.* at 16].

Additional relief sought in Debtor's Motion also includes a request that the court set aside its order denying her motion to disqualify this judge. Although Debtor cites no authority for her request, the court construes her request as seeking reconsideration of the court's Order Denying Motion to Disqualify [Doc. # 210] entered on June 15, 2017. Motions for reconsideration of a court's order "are limited in purpose to correcting errors of law or to present newly discovered evidence," *MacDermid v. Electrochemicals Inc.*, 142 F.3d 435 at n.7 (Table) (6th Cir. 1998) (citing *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.)), neither of which apply in this case. They "[are] not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Finally, Debtor seeks an order requiring the Trustee to pay "8.8% daily interest", or "$80.99 per day" "on the fund still illegally in the Trustee's possession." [Doc. # 234]. She states that "8.8% is the amount of [her] refund that the Trustee kept for herself." [*Id.* at 15]. Debtor cites, and the court is aware of, no authority for such a request. Moreover, the funds retained by the Trustee were retained under the authority of the court order dismissing this Chapter 13 case.

**THEREFORE,** for all of the foregoing reasons,

**IT IS ORDERED** that Debtor's Motion for Injunctive Order [Doc. # 234] be, and hereby is, **DENIED.**

###