**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: September 29 2017**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-32271 |
| | ) | |
| Claude Darus Lundy and | ) | Chapter 13 |
| Chanda Marie Lundy, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION

This case is before the court on a motion filed by Debtors captioned "Motion to Reinstate the Chapter 13 Bankruptcy and Order Setting Aside the Order Dismissing [Doc. # 152] Pursuant to Rule 9024(b)" ("Motion to Reinstate Case") [Doc. # 243] and the Chapter 13 Trustee's objection [Doc. # 246]. Debtors are representing themselves in this case.

### BACKGROUND

This case was filed on July 10, 2015, and was originally assigned to the Honorable John P. Gustafson. On January 20, 2016, the Chapter 13 Trustee filed a motion to dismiss based in part on Debtor Claude Lundy's failure to file income tax returns for tax years 2005 through 2012 and Debtor Chanda Lundy's failure to file state tax returns for tax years 2013 and 2014. On March 18, 2016, the United States, on behalf of the Internal Revenue Service ("IRS") filed an Objection to Confirmation of Debtors' Chapter 13 plan based on Claude Lundy's failure to file tax returns and citing 11 U.S.C. §§ 1308 and 1325(a)(9). Judge Gustafson conducted hearings on confirmation of Debtor's proposed plan and the Trustee's motion

to dismiss on March 29, 2016.

Because it appeared that progress was being made regarding tax returns being provided to the Trustee, albeit outside the statutory time limit set forth in § 1308, Judge Gustafson continued the confirmation hearing and the hearing on the Trustee's motion to dismiss until June 14, 2016. [Doc. # 143, p. 4]. At that hearing, counsel for the IRS indicated that they had received copies of Claude Lundy's federal income tax returns. However, Debtors' state returns and 2015 income tax returns had not been provided to the Trustee. Additional issues regarding confirmation of Debtors' plan were raised. However, Debtors had filed a new amended plan just before the hearing took place. Plan confirmation could not go forward due to insufficient notice to parties in interest and the Trustee asked to move forward with the hearing on her motion to dismiss. Among other things, the Trustee requested dismissal because she had not received copies of Debtors' state tax returns.

Judge Gustafson did not dismiss the case. Instead, the confirmation hearing and the hearing on the Trustee's motion to dismiss were continued to July 26, 2016. He conducted the hearings on that date. The Trustee did not file any written objection to confirmation before that hearing.

At the hearing, the Trustee set forth the issues that she believed would result in Debtors' Plan not being confirmed. Debtors' Plan was a form plan that is used in another jurisdiction and included five pages of boilerplate language, at least some of which is contrary to the manner in which Chapter 13 cases are administered in this jurisdiction. [*See* Doc. # 84, pp. 8-12]. While Debtor agreed that certain of the issues raised by the Trustee could be addressed as proposed by the Trustee, she stated that she would not agree to removing the boilerplate language as the Trustee proposed. Debtor and the Trustee also disagreed as to whether co-debtor Claude Lundy's profit sharing income should be included as additional plan payments. Debtor stated that she wanted to go forward with a confirmation hearing and objected to the fact that the Trustee had not filed a written objection to the proposed plan.

On July 28, 2016, Judge Gustafson entered orders requiring the Trustee to file written objections within twenty-one days and scheduling an evidentiary hearing on confirmation and a further hearing on the Trustee's motion to dismiss to be held on September 8, 2016. On August 16, 2016, the Trustee filed her objections to confirmation. On August 30, 2016, Debtor Chanda Lundy filed a "Motion to Disqualify Judge John P. Gustafson from Future Proceedings under 28 U.S.C. § 455" ("Motion to Disqualify") [Doc. # 130]. Debtor's Motion to Disqualify was based upon Debtor's belief that Judge Gustafson was not acting as an

2

impartial judge due to his prior service as the standing Chapter 13 trustee in this court. The hearings scheduled for September 8, 2016, were then vacated until further order of the court.

On October 19, 2016, Judge Gustafson entered a Memorandum and Order denying the Motion to Disqualify. In addressing Debtor Chanda Lundy's concerns regarding his impartiality, Judge Gustafson explained in his Memorandum and Order the prior proceedings and "noted that most decisions have held that the statutes in issue allow a bankruptcy court no discretion if a party has requested dismissal or conversion for failure to timely file required tax returns" and that this case "was subject to dismissal from the time the Debtors' § 341 Meeting was concluded on September 17, 2015" but that he had not granted the motion to dismiss. [Doc. # 143, p. 5-6]. He instead rescheduled an evidentiary hearing on confirmation for November 22, 2016.

At the November 22, 2016, hearing, after Debtor raised the issue regarding late filed tax returns, Judge Gustafson explained that he was willing to proceed with the evidentiary hearing and overlook the late filed tax returns given the fact that the Internal Revenue Service had withdrawn its objection to confirmation. Debtor nevertheless stated that an evidentiary hearing should not go forward and that this case must be dismissed due to Debtors untimely filing of income tax returns. She further stated that the main reason for filing the Chapter 13 petition was to protect her home and that since it was filed in July 2015, once dismissed and the Trustee refunds her plan payments, she would have the amount needed to protect her property and will not need to refile.

The Trustee's motion to dismiss was then scheduled for hearing on December 22, 2016, and the case was dismissed on that date. [*See* Doc. # 152]. Thereafter Debtor filed motions to amend the dismissal order and to disgorge the statutory fee retained by the Trustee after dismissal. Because allegations in the subsequent filings include practices of the current standing Chapter 13 trustee about which Judge Gustafson may have extra-judicial information due to his prior position as the standing Chapter 13 trustee, on April 18, 2017, Judge Gustafson entered an order pursuant to 28 U.S.C. § 455(b)(1) transferring the case to this judge.

## LAW AND ANALYSIS

Debtors' Motion to Reinstate Case seeks an order vacating the order dismissing this case ("Dismissal Order") and reinstating their Chapter 13 case pursuant to Federal Rule of Bankruptcy Procedure 9024, which makes Rule 60 of the Federal Rules of Civil Procedure applicable in cases under the

3

Bankruptcy Code.[1]  *See* Fed. R. Bankr. P. 9024.  Rule 60(b), provides as follows:

> On motion and just terms, the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence. . .
> (3) fraud. . ., misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The party seeking Rule 60(b) relief carries the burden of proof by clear and convincing evidence. *JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 585 (6th Cir. 2014).

Debtors do not specify under which subsection of Rule 60(b) their Motion to Reinstate is being brought.  However, Debtors' arguments do not fall squarely within the confines of any of the first five subsections, so the court will consider the motion under the residual subsection of Rule 60(b)(6).

The residual clause in Rule 60(b)(6) permitting relief from judgment for "any other reason that justifies relief," requires a showing of extraordinary circumstances which are not addressed by the first five numbered clauses of Rule 60(b).  *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009).  There are no such exceptional or extraordinary circumstances present here.

Debtors admit that Debtor Chanda Lundy agreed to the dismissal of the case, [Doc. # 243, ¶ 50], but argue that she "didn't have a choice but to honor the code and respect the Court's decision to dismiss the case." [*Id.* at ¶ 53].  The nub of their argument appears to be that the Chapter 13 Trustee did not file written objections before the July 26, 2016, confirmation hearing and Judge Gustafson's "premature ruling of the trustee's objection, and that Judge Gustafson had indicated "that the case had to be dismissed or converted" in his initial order denying Chanda Lundy's Motion to Disqualify him. [*See id.*.].

While it is true that the Chapter 13 trustee did not file written objections before the July 26 confirmation hearing, Judge Gustafson required written objections to be filed well before the evidentiary hearing on confirmation held on November 22, 2016, thus providing Debtors an opportunity to consider and address those objections at that hearing.  Debtor Claude Lundy did not even appear at the November 22 hearing, and Debtor Chanda Lundy stated at the hearing that the case should be dismissed.  Debtors'

---

[1] In addition to seeking to vacate the Dismissal Order, the relief Debtors seek includes the court paying $25,000.00 "to the estate belonging to Claude D. Lundy," $25,000.00 "to the estate belonging to Chanda M. Lundy," and an order requiring Ford Motor Company to pay into a new proposed plan to be filed by Debtors "$100.00 per week of the Debtor's wages effective the date of the reinstatement of the Chapter 13 Plan."  Debtor's Motion to Reinstate is silent as to the basis or authority for such requests and such requests are denied.

assertion that Judge Gustafson had indicated that the case had to be dismissed or converted is simply incorrect. In his Memorandum and Order denying Chanda Lundy's Motion to Disqualify, Judge Gustafson noted that case law supported dismissal of Debtors' case due to late filed tax returns but emphasized that he had not dismissed the case and instead had set the case for further hearing on confirmation. And at the November 22, 2016, hearing, he specifically told Chanda Lundy that he was willing to overlook the fact of the late filed tax returns and proceed with the hearing on confirmation. Debtors' contention that Chanda Lundy had no choice but to agree to dismissal is a gross mis-characterization of what occurred at that hearing.

No exceptional or extraordinary circumstances warranting relief under Rule 60(b)(6) having been shown, Debtors' Motion to Reinstate will be denied. The court will enter a separate order in accordance with this Memorandum of Decision.

###

5