**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: September 29 2017

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-32271 |
| | ) | |
| Claude Darus Lundy and | ) | Chapter 13 |
| Chanda Marie Lundy, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION

This case is before the court on a motion filed Debtor Chanda Marie Lundy and captioned "Ex Parte Motion for the Court to Set Aside the Order Denying Motion to Disqualify and Strike the Memorandum from the Court's Docket Pursuant to Rule 60(b) F. R. Civ. P. and Rule 9024 F.R. Bankr. P." [Doc. # 247] and the Chapter 13 Trustee's objection [Doc. # 248]. Debtor is representing herself in this case.

### BACKGROUND

This case was originally assigned to the Honorable John P. Gustafson. He conducted a hearing on confirmation of Debtors' proposed amended Chapter 13 plan ("Plan") and on the Trustee's Motion to Dismiss on July 26, 2016. The Trustee did not file any written objection to confirmation before that hearing.

At the hearing, the Trustee set forth the issues that she believed would result in Debtors' Plan not being confirmed. Debtors' Plan was a form plan that is used in another jurisdiction and included five pages of boilerplate language, at least some of which is contrary to the manner in which Chapter 13 cases are administered in this jurisdiction. [*See* Doc. # 84, pp. 8-12]. While Debtor agreed that certain of the issues

raised by the Trustee could be addressed as proposed by the Trustee, she stated that she would not agree to removing the boilerplate language as the Trustee proposed. Debtor and the Trustee also disagreed as to whether co-debtor Claude Lundy's profit sharing income should be included as additional plan payments. Debtor stated that she wanted to go forward with a confirmation hearing and objected to the fact that the Trustee had not filed a written objection to the proposed plan.

On July 28, 2016, Judge Gustafson entered orders requiring the Trustee to file written objections within twenty-one days and scheduling an evidentiary hearing on confirmation and a further hearing on the Trustee's motion to dismiss to be held on September 8, 2016. On August 16, 2016, the Trustee filed her objections to confirmation. On August 30, 2016, Debtor filed a "Motion to Disqualify Judge John P. Gustafson from Future Proceedings under 28 U.S.C. § 455" ("Motion to Disqualify") [Doc. # 130]. Debtor's Motion to Disqualify was based upon Debtor's belief that Judge Gustafson was not acting as an impartial judge due to his prior service as the standing Chapter 13 trustee in this court. The hearings scheduled for September 8, 2016, were then vacated until further order of the court.

On October 19, 2016, Judge Gustafson entered a Memorandum and Order denying Debtor's Motion to Disqualify and rescheduling an evidentiary hearing on confirmation for November 22, 2016. At that hearing, Debtor stated that an evidentiary hearing should not go forward and that this case must be dismissed due to Debtors untimely filing of income tax returns.[1]

The Trustee's motion to dismiss was then scheduled for hearing, and the case was dismissed, on December 22, 2016. Thereafter Debtor filed motions to amend the dismissal order and to disgorge the statutory fee retained by the Trustee after dismissal. Because allegations in these filings include practices of the current standing Chapter 13 Trustee in this court about which Judge Gustafson may have extra-judicial information due to his prior position as the standing Chapter 13 Trustee, on April 18, 2017, Judge Gustafson entered an order pursuant to 28 U.S.C. § 455(b)(1) transferring the case to this judge.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 60(b), made applicable to this case by Federal Rule of Bankruptcy Procedure 9024, provides as follows:

---

[1] Debtor's statement was made after Judge Gustafson had explained that he was willing to proceed with the evidentiary hearing and overlook the late filed tax returns given the fact that the Internal Revenue Service had withdrawn its objection to confirmation.

> On motion and just terms, the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons:
> 
>  (1) mistake, inadvertence, surprise, or excusable neglect;
>  (2) newly discovered evidence. . .
>  (3) fraud. . ., misrepresentation, or misconduct by an opposing party;
>  (4) the judgment is void;
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>  (6) any other reason that justifies relief.

The relief requested by Debtor is that Judge Gustafson's Memorandum and Order denying her motion to disqualify him be "set aside" and further that the court "strike [his] opinion regarding the Debtor['s] knowledge, previous filings, personal business as it pertains to disputes/issues that the Debtor's husband is dealing with in his previous marriage." [Doc. # 247, p. 14]. To the extent that Debtor's Motion seeks to "set aside" the Memorandum and Order denying her motion to disqualify him, the motion will be denied as moot given Judge Gustafson's April 18, 2017, order recusing himself and transferring the case to this judge.

To the extent that Debtor's motion seeks an order striking the Memorandum and Order regarding Debtor's knowledge, previous filings, and personal business as it pertains to disputes/issues that the Debtor's husband is dealing with in his previous marriage, Debtor does not specify under which subsection of Rule 60(b) her motion is being brought. Debtor's arguments do not fall squarely within the confines of subsections two through five. Although Debtor argues that "the Court Committed Fraud upon the Court," her arguments in support thereof do not allege fraud, nor can the court commit fraud upon itself. Rather, her arguments take issue with Judge Gustafson's factual statements in the Memorandum and Order denying her motion to disqualify, arguing that certain statements are incorrect and that his statements have ruined her reputation as a bankruptcy case analyst and have caused her and her husband embarrassment. The court will therefore consider the motion under "mistake" provision of Rule 60(b)(1) and the residual subsection of Rule 60(b)(6).

Rule 60(b)(1) encompasses "a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes,* 307 F.3d 451, 455 (6th Cir.2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir.2000)). Debtor contends that the statement that "the Chapter 13 Trustee was willing to recommend confirmation, but only if the "boilerplate" provisions were excluded and the time for measuring the 60 month period were changed by stipulation" [Doc. # 143, p. 14] is not true because the trustee also wanted the debtors to give up profit sharing income which Debtor contends was already in their budget,

3

[Doc. # 247, p. 6]. Debtor also contends that a statement that Debtors' 2015 tax returns had been an issue throughout the case was not true since the case was filed in July 2015 and the tax returns would not have become an issue until 2016. [*Id.*]. Debtor also points out that the filing date of Debtors' Plan is incorrectly stated as July 14, 2016, rather than June 14, 2016. [*Id.* at 7-8]. In addition, Debtor questions the court's statement that "at the time of the July 26, 2016 confirmation hearing, the court had no evidence that the 2015 returns had been filed" but offers no argument that evidence of such filing had been presented to the court. [*Id.* at 6-7]. To the extent any of these statements constitute mistaken facts, the court finds that they do not constitute "substantive mistakes" warranting relief under Rule 60(b)(1).

Relief under the residual clause of Rule 60(b)(6) requires a showing of "exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of [the Rule]." *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 591 (6th Cir. 2002). Debtor argues that her name and reputation as a bankruptcy case analyst and bankruptcy assistant have been ruined due to statements in the Memorandum and Order and that the findings of fact with respect to their Plan are embarrassing to her and her husband  She takes issue with statements relating to her "professional knowledge as it relates to the law and her own case," her prior bankruptcy case filings, and a statement regarding her "husband's personal business as it relates to his previous marriage. [Doc. # 247, p. 9]. This court's review of the Memorandum and Order reveals no disparaging statement regarding Debtor's professional knowledge. And the only statement that relates at all to her husband's previous marriage is the following: "Due to a domestic issue regarding Mr. Lundy's ex-wife, Mrs. Lundy was unsure when she would be able to file their 2015 tax returns." [Doc. # 143, p. 4]. Reference to Debtor's prior bankruptcy filings was made in setting forth issues the court considers in determining a debtor's good faith in proposing a plan. In any case, Debtor's prior bankruptcy filings are all a matter of public record. The statements in the Memorandum and Order do not constitute exceptional or extraordinary circumstances.

For all of the foregoing reasons, the court finds no basis for striking the Memorandum and Order or any of the statements contained therein. While the court finds no basis under Rule 60(b) for the relief requested, the court is also aware of, and Debtor cites, no authority for relief under Rule 60(b) consisting of "striking" a court's order. *See U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, No. 4:85-CV-415, 1991 WL 496543, at *3, 1991 U.S. Dist. LEXIS 5027, *7 (W.D. Mich. Apr. 12, 1991) (stating that a request to vacate and strike the court's opinion and order "is beyond the scope of Rule 60(b)").

The court will enter a separate order in accordance with this Memorandum of Decision.

###