**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: September 29 2017**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 15-32271 |
| Claude Darus Lundy and<br>Chanda Marie Lundy, | Chapter 13 |
| Debtors. | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION

This case is before the court on a Motion to Remove Standing Chapter 13 Trustee Elizabeth Vaughan Pursuant to 11 U.S.C. §324 ("Motion") [Doc. # 249] filed by Debtor Chanda Marie Lundy ("Debtor") and the Chapter 13 Trustee's opposition [Doc. # 251]. Debtor is representing herself in this case. For the following reasons, Debtor's Motion will be denied.

Section 324 of the Bankruptcy Code provides that [t]he court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, for cause." 11 U.S.C. § 324(a). The Bankruptcy Code does not define the phrase "for cause." However, the United States Court of Appeals for the Sixth Circuit has explained:

> With respect to removal from office, "for cause" means for reasons which law and public policy recognize as sufficient warrant for removal and such cause is "legal cause" and not merely a cause which the appointing power in the exercise of discretion may deem sufficient ... The cause must be one in which the law and sound public policy will recognize as a cause for official [sic] no longer occupying his office.

*In re Brookover*, 352 F.3d 1083, 1087 (6th Cir. 2003) (quoting Blacks Law Dictionary 644 (6th ed. 1990)).

Debtor asserts several grounds in support of her Motion. First, she takes issue with the Trustee retaining her statutory percentage fee from the plan payments returned to Debtors when this case was dismissed before confirmation of a Chapter 13 plan. The court's Order entered on December 22, 2016, dismissing this case ("Dismissal Order") required the Trustee to "refund to the Debtor(s) any funds on hand less statutory fees." [Doc. # 152]. In accordance with the Dismissal Order and the *Handbook for Chapter 13 Standing Trustees* ("*Handbook*")[1] issued by the Executive Office for United States Trustees of the United States Department of Justice, which appoints and supervises standing trustees, the Trustee refunded the funds she received from Debtors, less the percentage fee as established by the Office of the United States Trustee under the authority of 28 U.S.C. § 586(e)(1)(B). The *Handbook* states that the standing trustee is authorized to collect the percentage fee upon receipt of the payment and further provides that "[i[f the plan is dismissed or converted prior to confirmation, the standing trustee must reverse payment of the percentage fee that had been collected upon receipt if there is controlling law in the district requiring such reversal. . . ." . *Handbook* at pp. 2-3 to 2-4. Debtor characterizes the Trustee's retention of a statutory fee as a violation of 11 U.S.C. § 1326(a)(2) and also, inappropriately so, as criminal embezzlement.

Debtor also raised a similar argument in a Motion to Amend Dismissal Order filed by her, in which she cites Federal Rule of Bankruptcy Procedure 9023, which incorporates Federal Rule of Civil Procedure 59, and which the court has construed as a motion for reconsideration of the provision in the Dismissal Order permitting the Trustee to retain her statutory fee. This argument is also the basis of Debtor's Motion to Disgorge Fee. By separate orders entered on this date, the court has granted both the Motion to Amend Dismissal Order and the Motion to Disgorge Fee and has ordered the Trustee to refund to Debtors the statutory fees retained by her.

Nevertheless, the Trustee acted in accordance with an order of the court and the *Handbook* when she retained those fees. As explained in the court's Memorandum of Decision regarding the Motion to Amend Dismissal Order and Motion to Disgorge Fee, there is no controlling law (*i.e.* United States Supreme Court, Sixth Circuit Court of Appeals, or Northern District of Ohio case law) requiring the Trustee, in

---

[1] In this case The court takes judicial notice of the contents of the *Handbook*, which is publicly available at https://www.justice.gov/ust/private-trustee-handbooks-reference-materials/chapter-13-handbooks-reference-materials. *See* Fed. R. Evid. 201; Fed. R. Bankr. P. 9017.

accordance with the *Handbook*, to reverse on dismissal before confirmation statutory fees collected by her. And there is limited and conflicting case law elsewhere interpreting § 1326(a)(2) and 28 U.S.C. § 586(e), the latter of which addresses receipt of fees of a standing Chapter 13 trustee. *Compare Nardello v. Balboa (In re Nardello)*, 514 B.R. 105 (D.N.J. 2014) (finding that § 586(e) makes the statutory percentage fee mandatory on all payments received, including in cases dismissed before confirmation of a plan), *with Acevedo v. Harrell (In re Acevedo)* 497 B.R. 112 (Bankr. D.N.M. 2013) (concluding that § 1326(a)(2) requires that payments received by the standing trustee under a proposed Chapter 13 plan, which include the percentage fee, must be returned to the debtor, less allowed administrative expenses, if a plan is not confirmed); *In re Dickens*, 513 B.R. 906 (Bankr. E.D. Ark. 2014) (same). While this judge has ultimately agreed with the reasoning in *Acevedo* and has amended the Dismissal Order and has ordered the Trustee to refund to Debtors statutory fees collected and retained from those plan pre-confirmation payments, the fact that the Trustee retained those fees in the first place as authorized by a court order does not amount to conduct that the law and public policy would recognize as cause for her removal as the standing Chapter 13 trustee. The court's opinion explaining its reasoning in deciding the motions shows that the issue is hardly the legal slam dunk Debtor portrays it to be in her many filed motions and other documents in which, as here, she often inappropriately characterizes the Trustee's actions as a crime.

Debtor also contends that at the March 29, 2016, confirmation hearing, the Trustee misrepresented facts regarding the amount of funds paid into the plan. The court has listened to that hearing and finds no misrepresentation regarding amounts paid. The Trustee simply stated that one payment referred to at the hearing by Debtor had not yet posted in the Trustee's system. Debtor also contends that the Trustee stated that she did not have certain documents but later acknowledged they were in her file but were stuck to another document. Such conduct does not constitute cause for removal of the Trustee under § 324.

Debtor further contends that the Trustee did not file timely objections before the several confirmation hearings conducted in this case and instead discussed confirmation issues with Debtor the day before the hearing. While it is true that it has been the Trustee's practice to file objections only when the confirmation issues cannot be resolved through education of debtors or debtors' counsel regarding confirmation requirements and discussion as to what is needed for her to recommend confirmation of a plan to the court, that practice also is not cause for her removal under § 324.

Finally, Debtor contends that she was not able to review her case, run plan calculations, or review how the Trustee had set Debtors' several proposed plans up in the Trustee's own system prior to any disbursement to creditors. While no debtors–they are not officers of the court– have access to her system,

3

at the March 29, 2017, hearing, the Trustee offered to provide Debtor with a written worksheet for that purpose and in proper fulfillment of her duties as trustee under 11 U.S.C. § 1302(b)(4). And to the extent Debtor is raising issues in her motion about operation of the court's electronic case filing system known as CM/ECF, [Doc. # 249, pp. 4-5], the Trustee has nothing to do with that system.

For all of the foregoing reasons, the court finds that the Trustee's conduct does not nearly amount to conduct that the law and public policy would recognize as cause for removal as the standing Chapter 13 trustee. The court will enter a separate order denying Debtor's Motion.

###